UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR ALFARO AGUILAR (A-088-966-301),<br>Petitioner,<br>v.<br>Warden of the California City Detention Facility, et al.,<br>Respondents. | Case No. 1:26-cv-01246 TLN-CSK<br><br>ORDER and FINDINGS AND RECOMMENDATIONS |

Petitioner Cesar Alfaro Aguilar (A-088-966-301), a noncitizen, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his re-detention by U.S. Immigration and Customs Enforcement ("ICE"). (ECF No. 1.) Petitioner argues that his re-detention without a hearing and his continued detention violated his procedural and substantive due process rights under the Fifth Amendment, violates the Immigration and Nationality Act ("INA"). (Id. (claims two through four).) Petitioner also claims that his arrest violated the Fourth Amendment. (Id. (claim one).) For the following reasons, this Court recommends that the petition be granted.

## I. LEGAL STANDARDS

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004)

(citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## II. DISCUSSION

On February 12, 2026, petitioner filed a habeas petition pro se and filed a motion for appointment of counsel. (ECF Nos. 1, 2.) The district court granted petitioner's motion for appointment of counsel and ordered respondents to file a response to petitioner's request for immediate injunctive relief in the petition. (ECF No. 6.) Counsel was subsequently appointed and petitioner filed requests to proceed in forma pauperis.[1] (ECF Nos. 9, 11, 14.) On February 19, 2026, respondents filed an answer to the petition. (ECF No. 7.) On March 17, 2026, petitioner filed a reply through counsel. (ECF No. 16.)

On March 31, 2026, the district court granted petitioner's request for immediate injunctive relief in the petition. (ECF No. 17.) The district court concluded petitioner was likely to succeed on the merits of his due process claim for prolonged detention and the remaining Winter factors weighed in petitioner's favor. (See id.) The district court ordered respondents to provide petitioner with a bond hearing where respondents bear the burden of establishing, by clear and convincing evidence, that petitioner poses a danger to the community or a risk of flight, and petitioner shall be allowed to have his counsel present. (Id.) The district court referred this action to the assigned magistrate judge for further proceedings. (ECF No. 17.) Merits briefing is closed. (See Docket.)

[1] Examination of the affidavit reveals petitioner is unable to afford the costs of this action. Accordingly, leave to proceed in forma pauperis is granted. 28 U.S.C. § 1915(a).

Petitioner was detained on April 20, 2023 and challenges his prolonged detention as a violation of the Fifth Amendment due process clause. (ECF No. 1 at 4, 15-16.) In the answer, respondents argued that petitioner is subject to mandatory detention under 8 U.S.C. § 1231. (ECF No. 7.) Pursuant to the district court's order, petitioner was provided with a bond hearing before an immigration judge on April 3, 2026. (ECF No. 18.) The immigration judge denied bond and held that the government "met their burden by clear and convincing evidence" that petitioner is a "danger to the community and flight risk." (ECF No. 18-1 at 1.) The immigration judge considered the totality of the evidence, including "Petitioner's prior convictions for assault with a deadly weapon, a prostitution related offense, and driving under the influence." (ECF No. 18 at 1; ECF No. 18-1.)

Though the Court recommends that the petition for writ of habeas corpus be granted on the prolonged detention claim as the district court indicated in its order where petitioner was detained for almost three years at the time the petition was filed, petitioner has already been provided the remedy he is due—a bond hearing before an immigration judge where the government bears bear the burden of establishing by clear and convincing evidence that petitioner poses a danger to the community or a risk of flight to continue his detention. (See ECF Nos. 17, 18.)

**III. CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that petitioner Cesar Alfaro Aguilar's (A-088-966-301) motions to proceed in forma pauperis (ECF Nos. 11, 14) are granted.

Further, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus be GRANTED. Based on the district court's prior order, petitioner has already been provided with the remedy he is due.

2. The Clerk of Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 8, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

csk/agui.1246.26.frs